(October 10, 1963)

■ In the Matter of HOWELL REALTY CORP. DAVID L. SPRUNG, Respondent; BENJAMIN G. ELLMAN, Appellant.— Order, entered on February 7, 1963, as resettled by order entered on April 24, 1963, granting petitioner's application to entertain a petition for corporate dissolution and directing a hearing before a Special Referee, unanimously modified, on the law and in the exercise of discretion, to eliminate the provision for the reference and to provide that the matter proceed before the court, and as so modified, affirmed, with costs to abide the event. It does not appear that the issues involved are complex or that their resolution will require protracted hearings. In such a situation, and in the light of the statutory directive that the Referee hear and determine, " the better practice is for the court to try the issue and refrain from referring the matter" (*Matter of Sutter French Confections*, 17 A D 2d 610). We conclude that such procedure should have been followed here. Order, dated on May 8, 1963, as resettled by order entered on June 24, 1963, providing for a hearing before the Referee at a specified time and place, and the order, entered on June 24, 1963, directing the Attorney-General and interested parties to show cause before the Referee at such hearing, unanimously reversed, without costs, and the orders vacated. In the light of our determination that the reference was inappropriate these orders entered in furtherance of the reference may not stand. That portion of the order of June 24, 1963 denying vacatur of the order of April 24, 1963 (on the ground the order was null and void for failure to give the Attorney-General notice of its submission) unanimously affirmed, without costs. The appeal from the balance of the order of June 24, 1963 as denied vacatur of the order of May 5, 1963 (for failure to comply with section 106 of the General Corporation Law) and as refused to disqualify the Referee is dismissed as being academic. The order entered on April 24, 1963 is not null and void. The order to show cause initiating the proceeding was served upon the Attorney-General who indorsed the same with a waiver of notice. That constituted sufficient compliance with the requirements of section 137 of the General Corporation Law to confer jurisdiction upon the court. The failure to serve the Attorney-General with subsequent proposed orders is a procedural irregularity and does not oust the court of jurisdiction over the proceeding. In addition, there is no showing of any prejudice to the respondent-appellant by reason of such omission nor does the Attorney-General complain thereof. In view of our vacatur of the order of May 5, 1963 on other grounds the appeal from that portion of the order entered on June 24, 1963, as denied vacatur of that order, is dismissed as being academic. Concur — Botein, P. J., Breitel, Rabin, Eager and Steuer, JJ.